| | |
|---|---|
| ALLISON M. RODERICK AND<br>JACQUELINE PONUSHIS,<br><br>      Plaintiffs,<br><br>v.<br><br>HARTFORD INSURANCE COMPANY<br>OF THE MIDWEST<br><br>      Defendant.<br>_____/ | IN THE CIRCUIT COURT OF THE 20TH JUDICIAL CIRCUIT, IN AND FOR LEE COUNTY, FLORIDA<br><br>CASE NO.: |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiffs, ALLISON M. RODERICK AND JACQUELINE PONUSHIS (hereinafter collectively the "Plaintiff"), hereby sues Defendant, HARTFORD INSURANCE COMPANY OF THE MIDWEST (hereinafter the "Defendant"), and states as follows:

### PARTIES, JURISDICTION & VENUE

1. This is an action for damages under an insurance policy resulting from loss of property wherein the amount in controversy exceeds Fifty Thousand Dollars ($50,000.00), exclusive of costs, interest and attorney's fees, and is therefore within the jurisdiction of this Court.

2. At all times material hereto, Plaintiff was insured by Defendant under a property insurance policy issued by Defendant, was and is an individual over the age of eighteen (18) years that owned real property in Lee County, Florida, and was otherwise *sui juris*.

3. At all times material hereto, Defendant was and is an insurance company authorized to conduct and was in fact conducting business in Lee County, Florida.

4. Venue is proper in Lee County, Florida as Lee County, Florida is the locale where the cause of action accrued.

5. All conditions precedent have been satisfied, discharged or waived.

## **GENERAL ALLEGATIONS**

6. At all times material hereto, in consideration of the applicable premium, Defendant issued to Plaintiff a property insurance policy bearing policy number 55RBA245886 (hereinafter the "Policy").

7. Plaintiff is not in possession of a certified copy of the Policy and is therefore unable to attach a certified copy of the Policy to this Complaint. A certified copy of the Policy has been or will be requested from Defendant and will be obtained through discovery. See, Equity Premium, Inc. v. Twin City Fire Ins. Co., 956 So. 2d 1257 (Fla. 4th DCA 2007); Amiker v. Mid-Century Ins. Co., 398 So. 2d 974 (Fla. 1st DCA 1981); Parkway General Hospital, Inc. v. Allstate Ins. Co., 393 So. 2d 1171 (Fla. 3d DCA 1981); Sasche v. Tampa Music Co., 262 So. 2d 17 (Fla. 2d DCA 1972).

8. The Policy provided insurance coverage for the property located at 842 Monticello Court, Cape Coral, Florida 33904 (hereinafter the "Property").

9. Defendant insured the Property for damage including, but not limited to, damage to the structure and its contents resulting from water damage, windstorm, fire, theft, and other covered perils.

10. On or about September 28, 2022, while the Policy was in full force and effect, a covered loss occurred to the Property, namely, damage as a result of Hurricane Ian (hereinafter the "Loss").

11. Plaintiff timely filed a claim and notified Defendant of the Loss.

12. Defendant assigned claim number pp0019553069 to the Loss (hereinafter the "Claim").

13. Plaintiff has fully cooperated in the investigation of the Claim.

14. Defendant was not prejudiced in its investigation of the Claim.

15. Thereafter, Defendant accepted coverage for the Loss and Claim, but grossly undervalued the amount of damages for the Claim.

16. Plaintiff has complied with the notice requirements of Fla. Stat. Section 627.70152.

17. Plaintiff has suffered and continues to suffer as a result of the Loss.

## COUNT I – BREACH OF CONTRACT

18. Plaintiff incorporates the allegations set forth in paragraphs one (1) through seventeen (17) as if fully set forth herein.

19. The Policy provides coverage for direct physical loss to the Property.

20. Plaintiff and Defendant entered into a written contract, the Policy, wherein Plaintiff agreed to pay a premium and Defendant agreed to insure the Property.

21. Plaintiff has paid all premiums due and owing.

22. Plaintiff satisfied all post-loss obligations in compliance with the terms and conditions of the Policy.

23. Defendant breached its contractual obligations in the Policy by failing to make payment for the Claim sufficient to return the Property to a pre-loss condition, as required by the Policy.

24. Defendant's failure to pay the full amount of the Claim is contrary to the terms of the Policy and is a breach of the Policy.

25. As a result of Defendant's breach, Plaintiff has been damaged in an amount to be determined at trial.

26. As a direct and proximate cause of Defendant's acts and omissions, Plaintiff has been forced to retain the services of undersigned counsel and Defendant is responsible for paying a reasonable attorney's fees pursuant to Florida Statutes §627.428 or §626.9373.

WHEREFORE, Plaintiff prays for damages, pre-judgment interest, attorney's fees pursuant to Florida Statute §627.428 or §626.9373, costs as the prevailing party, and any other relief this Honorable Court deems fair and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial against Defendant on all issues so triable.

[NOTICE OF COMPLIANCE ON FOLLOWING PAGE]

## NOTICE OF COMPLIANCE WITH FLORIDA RULE OF JUDICIAL ADMINISTRATION RULE 2.516

Plaintiff, by and through undersigned counsel, file this Notice of Compliance with Judicial Administration Rule 2.516 and hereby designates the following email address as the sole email addresses for transmitting electronic service documents on behalf of Kevin C. Bryant, Esquire:

PRIMARY EMAIL for Service of Pleadings and Court Documents:

Kevin@SakaBryant.com

Transmittal of court documents to the above-designated email addresses must be made in order for service to be proper and effective.

DATED this 11th day of September, 2023.

SAKA BRYANT, P.A.

By:  /s/ *Kevin C. Bryant*
Kevin C. Bryant, Esq.
FBN: 1005185
Attorney for Plaintiffs
6183 NW 56 Drive
Coral Springs, Florida 33067
Telephone: (754) 283-8030
Facsimile: (754) 283-9800
Primary Email:   Kevin@SakaBryant.com